Ex parte Carroll & Adcock.

C. CUNNINGHAM, for the motion, cited Lewis v. Lewis, 25 Ala. 316; Reid v. Brasher, 7 Porter, 448 ; Hudson v. Hudson, 20 Ala. 364.

# Ex Parte CARROLL & ADCOCK.

[APPLICATION FOR BAIL.]

1. *Practice on applications for bail.*—When an application for bail is made to a circuit judge, and is by him refused, the party may have the evidence set out in a bill of exceptions, (Code, § 3673,) and make application thereon to the supreme court for bail; but he cannot make a second application to a circuit judge, founded on cumulative evidence discovered since his first application ; nor can he bring the first application before the supreme court for review, by making the proceedings then had a part of his second application, and reserving a bill of exceptions to the refusal of the second application.

2. *Right of bail on account of continuances.*—The right to bail in capital cases, on account of continuances by the State, (Code, §§ 3671–72,) is confined to cases which have been twice continued "for the testimony of absent witnesses."

APPLICATION for bail by Edward Carroll and William Adcock, who were confined in the county jail of Barbour, under an indictment for the murder of one William Drury, which was found at the fall term, 1857, of the circuit court of Barbour. The bill of exceptions, on which the application is founded, with the accompanying transcript, shows that the petitioners, on the 14th May, 1860, made an application for bail, on *habeas corpus*, to the Hon. JOHN GILL SHORTER; that on this application they offered in evidence the written testimony which had been taken down on their preliminary examination, the evidence which had been adduced on a similar application for bail before the same judge, in May, 1858, " and additional evidence discovered since said former application, explanatory of the evidence then taken, and contradictory of some of the material evidence for the State, being cumulative of the evidence for the prisoners on the former hearing," together with a transcript from the records of the circuit court of Henry county, which is hereinafter more particularly noticed; that the circuit judge refused to consider any of this evidence, except the transcript, and held *it* insufficient to show that the petitioners were entitled to bail; and that the petitioners excepted to his ruling and decision. The transcript from the circuit court of Henry shows, that the trial of the prisoners was removed to that county, though they were remanded to the county jail of Barbour for safe-keeping; and that the case was there continued by the State at four successive terms,—twice on account of defects in the venire or its service, once for want of time, and once on account of the sickness of the presiding judge.

L. L. CATO, for the prisoners.
E. C. BULLOCK, and JEFF. BUFORD, *contra*.

STONE, J.—Section 3673 of the Code declares, that

" If application for bail be made to a circuit court, or cir-
cuit judge, or chancellor, and denied, no subsequent
application can be made; but the evidence in such case
may be set out on exceptions, and the application made
thereon to the supreme court." The necessity for such a
rule as this is strongly set forth in the able opinion of
Black, J., in the celebrated Passmore Williamson case.
His language is, " Can it be possible, that the law and
the courts are so completely under the control of their
natural enemies, that every class of offenders against the
Union or the State, except traitors and felons, may be
brought before us as often as they please, though we know
beforehand, by their own admissions, that we cannot help
but remand them immediately? If these questions must
be answered in the affirmative, then we are compelled,
against our will, and contrary to our convictions of duty,
to wage a constant warfare against the federal tribunals,
by firing off writs of *habeas corpus* upon them all the
time. The punitive justice of the State would suffer
still more seriously. The half of the Western Peniten-
tiary would be before us at Philadelphia, and a similar
proportion from Cherry Hill and Moyamensing would
attend our sittings at Pittsburgh. To remand them would
do very little good; for a new set of writs would bring
them all back again. A sentence to solitary confinement,
would be a sentence that the convict should travel for a
limited term up and down the State, in company with the
officers who might have him in charge. By the same means,
the inmates of the lunatic asylum might be temporarily
enlarged, much to their own detriment; and every soldier
or seaman in the service of the country could compel
their commanders to bring them before the court six
times a week."—26 Penn. State Rep. 9.

Under the section of the Code above copied, we hold,
that when one who is restrained of his liberty, has gone
on *habeas corpus* before a circuit court, circuit judge, or
chancellor, and has had a trial on evidence, with a view
to his enlargement on bail, and his application has been
overruled, he cannot again claim a hearing before either
of these tribunals, on evidence; but his only remedy in

such case is, to have the evidence set out *on exceptions,* and make his application thereon to this court.—*Ex parte* Robinson, 6 McL. 355; *Ex parte* Wells, 18 How. (U. S.) 307; State, *ex rel.* Malone, Sneed, 413; Matter of Da Costa, 1 Park. Cr. Cases, 129; People v. Martin, *ib.* 187; Matter of Collier, 6 Ohio State (N. S.) 55; Storm v. State, 4 Mo. 614.

The petitioners in this case had a hearing on evidence, before Hon. John Gill Shorter, before whom they were carried on writ of *habeas corpus.* They were refused bail, and took no bill of exceptions. More than two years afterwards, they again went before Judge Shorter on *habeas corpus,* and sought again to introduce evidence on the matter of their right to bail. The circuit judge overruled their application to introduce new evidence, and remanded them to prison. They excepted to his ruling, and took a bill of exceptions, which brings before us, not only the proceedings on the second trial, but the evidence and proceedings on the first trial also. We hold, that the bill of exceptions—sealed at the time it was—does not bring before us the evidence and judgment on the first trial, for any other purpose than to show that a trial had been had on evidence, before the circuit judge, on *habeas corpus* to obtain bail. We hold, also, that the circuit judge rightly refused to hear evidence on the second trial. Code, §§ 2353, 2354, 3673.

The record from Henry circuit court does not show a state of case, which entitled the petitioners to bail *as a matter of right.*— Code, §§ 3671–2.

The prayer of the petitioners is refused.