19 So.2d 843

**MARTIN v. MITCHELL et al.**

**6 Div. 174.**

Court of Appeals of Alabama.

Nov. 28, 1944.

W. C. Rayburn, of Guntersville, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and John O. Harris, Asst. Atty. Gen., for appellees.

BRICKEN, Presiding Judge.

The statement of facts in the brief of the Attorney General filed in this proceeding appears to be substantially correct as appears of record. Said statement is as follows:

"Appellant was charged with a capital offense, viz., robbery, along with Earston Edmondson. A preliminary trial was had before a justice of the peace who denied bail in binding the defendant over to the Grand Jury. After the order of the justice of the peace denying bail, this appellant petitioned Hon. A. A. Griffith, Presiding Judge of the Circuit Court of Cullman County, Alabama, for a writ of habeas corpus seeking release on bail. After hearing the testimony (it being agreed that the testimony taken before the justice of the peace would be the testimony on which Judge Griffith should make his ruling) Judge Griffith made and entered an order denying the relief sought and discharged the writ of habeas corpus and remanded the petitioner to the custody of the sheriff. Then petitioner filed

another petition for writ of habeas corpus before Hon. Julian Harris, Judge of the Circuit Court of Cullman County, Alabama, and it is from this order of Judge Harris, denying the relief sought, discharging the writ, and remanding the petitioner to the custody of the Sheriff of Cullman County, that this appeal is prosecuted."

At the conclusion of the hearing before the Honorable Julian Harris, Judge of the Circuit Court of Cullman County, Alabama, said Judge made and entered the following order, from which this appeal was taken. Towit:

"This matter now comes on to be heard before the undersigned Judge upon the petition of Madie Martin for a writ of habeas corpus, and upon the return of J. D. Mitchell, as Sheriff of Cullman County, Alabama, and the said Madie Martin being present in her own proper person, and by counsel, and the State being represented by the Hon. W. H. Long, Circuit Solicitor, and by Hon. Earney Bland, County Solicitor, the undersigned Judge proceeds to hear the matter.

"The petitioner demurs to the return of the Sheriff; the demurrer is overruled and petitioner duly reserved an exception. Petitioner answers the return by answer this day filed. Upon consideration of the return and the answer and the evidence offered the undersigned Judge is of the opinion that a previous application for bail has been made by a petition for habeas corpus filed before and heard by Hon. A. A. Griffith, a Circuit Judge, which was refused, and that this application cannot be heard and the undersigned Judge does therefore decline to hear this application for habeas corpus; and "It is hereby ordered, adjudged and decreed that the said Madia Martin is not entitled to her discharge on habeas corpus and that the said Madia Martin be remanded to the custody of J. D. Mitchell, as Sheriff, thereto remain until discharged by due process of law. To this order petitioner duly reserved an exception.

"Witness my Hand on this the 11th day of July, 1944.

> "Julian Harris
> "Judge."

Section 193 of Title 15, Code of Alabama 1940, provides as follows:

"When an application for bail is made to any circuit judge, or judge of probate, and is refused, no subsequent application can be made; but the evidence in such case may be set out on exceptions, and application made thereon to the supreme court."

By express terms of the foregoing statute, a party cannot make a second application for bail to a circuit judge, or, on such application introduce evidence, or take such exceptions as will bring before the appellate court the evidence and judgment on the first application. Ex parte Carroll & Adcock, 36 Ala. 300. Ex parte Hardy, 68 Ala. 303, 333.

As insisted, appellant had recourse by appeal to this court from the order of Judge Griffith in denying the writ of habeas corpus in the first case. Having elected not to pursue this remedy afforded by the statute and the law made and provided, petitioner cannot now be heard on this appeal.

The order and judgment appealed from, being correct in all respects, is due to be affirmed. It is so ordered.

Affirmed.